```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ELIJAH HAMM,<br><br>                    Petitioner,<br><br>          v.<br><br>CHRISTOPHER HOLMES,<br><br>                    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 12-5337 (JBS)<br><br>**OPINION** |

APPEARANCES:

ELIJAH HAMM, Petitioner pro se
#208266A
Northern State Prison
P.O. Box 2300
Newark, New Jersey 07114

CHRISTOPHER W. HSIEH, Esq.
OFFICE OF THE PASSAIC COUNTY PROSECUTOR
401 Grand Street
Paterson, New Jersey 07505
Attorney for Respondent Christopher Holmes

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Petitioner Elijah Hamm's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1). Petitioner challenges the judgment of conviction filed in the Superior Court of New Jersey, Law Division, Passaic County, on December 13, 1990, imposing a mandatory life term with a twenty-five-year parole disqualifier.

Respondent Christopher Holmes ("Respondent") has filed an answer together with the state court record. For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

## II. BACKGROUND

Passaic County Indictment 90-03-0395 charged Petitioner with third-degree possession of a controlled dangerous substance (cocaine), N.J. STAT. ANN. §§ 2C:35-10(a)(1), 2C:2-6 (Count One); second-degree possession of a controlled dangerous substance with the intent to distribute, N.J. STAT. ANN. §§ 2C:35-5(a)(1), (b)(2), 2C:2-6 (Count Two); third-degree possession of a controlled dangerous substance with the intent to distribute within a 1000 feet of a school zone, N.J. STAT. ANN. §§ 2C:35-7, -5(a), 2C:2-6 (Count Three); first-degree organization of a narcotic drug trafficking network, N.J. STAT. ANN. § 2C:35-3 (Count Four); and first-degree maintaining a drug-operation facility, N.J. STAT. ANN. § 2C:35-4 (Count Five). *State v. Hamm*, No. A-3745-90, slip op. at 1-2 (N.J. Sup. Ct. App. Div. June 7, 1993) (unpublished); Docket Entry 11-1 at 1-2.

Petitioner proceeded to trial before the Honorable Marilyn Clark, J.S.C., and a jury on October 22, 1990. *Hamm*, No. A-3745-90, slip op. at 2; Docket Entry 11-1 at 2. At the conclusion of the State's case, the court entered a directed verdict in Petitioner's favor on Count Five. *Hamm*, No. A-3745-90, slip op.

2

at 2; Docket Entry 11-1 at 2. After a twelve day trial, the jury convicted Petitioner of the remaining four counts. Judge Clark sentenced Petitioner to a mandatory life sentence with a twenty-five-year term of parole ineligibility on December 13, 1990. (Docket Entry 11-17).

Petitioner appealed his convictions and sentence to the Appellate Division. The court merged Counts Two and Three, but otherwise affirmed the judgment of conviction on June 7, 1993. *Hamm*, No. A-3745-90, slip op. at 16-17; Docket Entry 11-1 at 16-17. On October 7, 1994, the New Jersey Supreme Court granted certification and summarily remanded to the Appellate Division for consideration of newly-decided *State v. Alexander*, 643 A.2d 996 (N.J. 1994). *State v. Hamm*, 652 A.2d 170 (N.J. 1994). The Appellate Division once again affirmed the judgment of conviction on remand. *State v. Hamm*, No. A-3745-90 (N.J. Sup. Ct. App. Div. Apr. 6, 1995) (unpublished); Docket Entry 11-1 at 18-37. The New Jersey Supreme Court denied certification on June 7, 1995. *State v. Hamm*, 663 A.2d 1358 (N.J. 1995). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner filed his first petition for post-conviction relief ("PCR") at some point in November 1995.[1] Counsel was

---

[1] The Appellate Division was unable to determine when Petitioner filed his first petition. *See State v. Hamm*, No. A-5719-00 (N.J.

3

appointed to represent Petitioner, and an amended PCR petition was filed on February 25, 1999. *Hamm*, No. A-5719-00, slip op. at 3; Docket Entry 11-1 at 40. Judge Clark heard oral argument on April 1, 1999, and denied the petition that same day. (Docket Entry 11-20). A formal order denying the petition was entered on April 26, 1999. (Docket Entry 3-2 at 29). Petitioner did not appeal the denial of the petition at that time.

Instead of appealing the denial of his petition, Petitioner filed a second PCR petition on July 8, 1999. (Docket Entry 11-21). Judge Clark held oral argument on June 23, 2000, this time without appointing counsel for Petitioner. (Docket Entry 11-18); *Hamm*, No. A-5719-00, slip op. at 3; Docket Entry 11-1 at 40. The court denied the second petition at oral argument and issued a formal order of dismissal on July 14, 2000. (Docket Entry 3-2 at 32). Petitioner then appealed both orders denying his PCR petitions on July 2, 2001. (Docket Entry 3-2 at 31).

The Appellate Division noted that the second petition was "presumptively time-barred by [New Jersey Court Rule] 3:22-12[,]" but it reviewed Petitioner's arguments on the merits. *Hamm*, No. A-5719-00, slip op. at 6; Docket Entry 11-1 at 43. The court affirmed for the reasons stated by Judge Clark in her oral

---

Sup. Ct. App. Div. May 5, 2004) (unpublished), slip op. at 3; Docket Entry 11-1 at 40; *see also State v. Hamm*, No. A-4313-09, 2012 WL 300629, at *1 (N.J. Super. Ct. App. Div. Feb. 2, 2012).

4

opinion. *Hamm*, No. A-5719-00, slip op. at 6; Docket Entry 11-1 at 43. The New Jersey Supreme Court denied certification on July 12, 2004. *State v. Hamm*, 854 A.2d 919 (N.J. 2004).

Petitioner filed his third PCR petition on August 25, 2009. (Docket Entry 11-23 at 2). Oral argument was held on January 15, 2010. (Docket Entry 11-19). Judge Clark denied the petition orally and issued a formal dismissal order on January 26, 2010. (Docket Entry 11-24). On appeal, the Appellate Division concluded that the third petition was procedurally barred as it was "identical to the contention that was adjudicated on defendant's appeal from the denial of his second PCR petition." *State v. Hamm*, No. A-4313-09, 2012 WL 300629, at *2 (N.J. Super. Ct. App. Div. Feb. 2, 2012). The court also stated that it upheld the decision on the merits for the reasons expressed by Judge Clark. *Ibid.* The New Jersey Supreme Court denied certification on June 28, 2012, *State v. Hamm*, 48 A.3d 356 (N.J. 2012), and Petitioner filed this habeas petition on August 16, 2012, (Docket Entry 1).

On November 8, 2012, this Court advised Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to respond within forty-five days as to how he wanted to proceed. (Docket Entry 2). A brief and appendix on Petitioner's behalf was received that same day, (Docket Entry 3), and Petitioner resubmitted a portion of his appendix on

5

November 20, 2012. (Docket Entry 4). Having received no other response to its *Mason* order, the Court screened the petition and directed the State of New Jersey to answer the petition. (Docket Entry 5). Respondent submitted its answer on March 7, 2013. (Docket Entry 11). Petitioner submitted a response to the answer on March 22, 2013. (Docket Entry 12).[2]

## III. DISCUSSION

Respondent argues Petitioner's habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[2] The Court notes for the record that Petitioner sent a letter to this Court dated January 7, 2015, accompanied by a letter dated October 26, 2014. (Docket Entry 13). The October 2014 letter states Petitioner had not received Respondent's answer to his petition. (Docket Entry 13 at 2). This assertion is belied by the fact that Petitioner's March 2013 submission to the Court specifically states "I am presently in receipt of the Answer to Petition for Writ of Habeas Corpus," and responds to arguments made in the answer. (Docket Entry 12 at 1).

>the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Respondent argues that the time limit during which Petitioner could file his § 2254 petition began to run on September 7, 1995, ninety days after the New Jersey Supreme Court denied certification on June 7, 1995. *State v. Hamm*, 663 A.2d 1358 (N.J. 1995); (Docket Entry 11 at 27). Section 2244(d), however, did not become effective until April 24, 1996, when AEDPA was signed into law. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 101, 110 Stat. 1214 (1996). Thus, AEDPA's one-year statute of limitations did not begin to run for Petitioner until that date. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)(holding habeas petitioners with convictions that were final before enactment of AEDPA had until

7

April 23, 1997 to file a habeas petition); *see also Lively v. Superintendent, SCI Huntingdon*, 90 F. App'x 22, 24 (3d Cir.) ("From the effective date of AEDPA, April 24 1996, a strict one year time limit, to April 23, 1997, applies."), *cert. denied sub nom Lively v. Kyler*, 543 U.S. 842 (2004).

It is unclear from the record when Petitioner's first PCR petition was deemed "filed" by the state courts. The cover letter indicates the petition was mailed November 14, 1995, (Docket Entry 3-2 at 24), and was considered filed by the state courts by November 28, 1995 at the latest, (Docket Entry 3-2 at 27).[3]

Regardless of the filing date, it is clear that Petitioner's PCR petition was pending at the time AEDPA was

---

[3] Under federal law, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns*, 134 F.3d at 113 (citing *Houston v. Lack*, 487 U.S. 266 (1988)). State law, however, determines when a PCR petition is "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir.) (quoting *Fahy v. Horn*, 240 F.3d 239, 243-44 (3d Cir. 2001)), *cert. denied*, 540 U.S. 921 (2003). The New Jersey Supreme Court has not determined whether the prisoner mailbox rule applies to the filing of a PCR petition. *See Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, * 6 (D.N.J. Feb. 27, 2015); *see also State v. Walker*, No. A-2563-12, 2015 WL 3843441, at *2 n.3 (N.J. Super. Ct. App. Div. June 23, 2015) (citing *Houston* and noting "[a]lthough defendant's pro se notice of appeal from prison was dated within the forty-five days [for appealing to Appellate Division], it was not filed until" after the time for appeal"); *Oliver v. Lee*, No. A-1669-10, 2012 WL 1414081, at * 3 (N.J. Super. Ct. App. Div. Apr. 25, 2012) (declining to decide whether mailbox rule applies).

enacted five months later. The statute of limitations was therefore tolled from April 24, 1996 to the day the trial court denied Petitioner's first PCR petitioner, April 26, 1999. (Docket Entry 3-2 at 29). The limitations period then ran until Petitioner filed his second PCR petition on July 8, 1999, (Docket Entry 11-21), a period of 73 days.[4]

The one-year statute of limitation next began to run after the New Jersey Supreme Court denied certification of Petitioner's appeal on July 12, 2004. *State v. Hamm*, 854 A.2d 919 (N.J. 2004). As of that day, Petitioner had 292 days remaining, or until May 2, 2005, to file his habeas petition.[5] *See Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir.) ("[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll" AEDPA's statute of limitations), *cert. denied*, 534 U.S. 959 (2001). Petitioner did not file the petition until August 2012, more than seven years

---

[4] The Appellate Division noted that the second petition was "presumptively time-barred by [New Jersey Court Rule] 3:22-12[,]" but it ultimately denied Petitioner's arguments on the merits, not as time-barred. *State v. Hamm*, No. A-5719-00 (N.J. Sup. Ct. App. Div. May 5, 2004) (unpublished), slip op. at 6; Docket Entry 11-1 at 43. The Court therefore concludes the second PCR petition was deemed "properly filed" by the state courts.

[5] April 30, 2005 was a Saturday, thus tolling the filing time until Monday, May 2, 2005. Fed. R. Civ. Pro. 6(a)(1)(C).

9

late. (Docket Entry 1). His petition is therefore time-barred under 28 U.S.C. § 2244(d) and must be dismissed.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Nothing in Petitioner's petition or response suggests there were any extraordinary circumstances that justify exceeding the statute of limitations by seven years. Indeed Petitioner does not even address Respondent's timeliness argument in his response. (Docket Entry 12). Moreover, Petitioner's diligence in pursuing his rights is called into question by the fact that he waited five years after his second PCR petition was denied before filing his third. (Docket Entry 11-23 at 2). In the absence of any basis for equitable tolling, the petition must be dismissed as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a

10

judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## IV. CONCLUSION

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue. An accompanying Order will be entered.

**September 24, 2015**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         Chief U.S. District Judge